919 A.2d 913

**Paul DOWHOWER, Appellant,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CAPCO CONTRACTING), Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 2006.

Decided April 17, 2007.

Jason Michael Weinstock, Esq., Ira H. Weinstock, Maggi E. Colwell, Esq., John Pozniak, Esq., P.C., Harrisburg, for Paul Dowhower.

David C. Harrison, Esq., Philadelphia, for amicus curiae Pennsylvania Trial Lawyers Association.

Amber M. Kenger, Esq., Richard C. Lengler, Esq., PA Workers' Compensation Appeal Board, Harrisburg, for Workers' Compensation Appeal Board.

R. Burke McLemore, Esq., Harrisburg, for CAPCO Contracting.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## *OPINION*

Justice BALDWIN.

Appellant, Paul Dowhower (Claimant), sustained a work-related injury on September 13, 1996. On May 29, 1998, a Workers' Compensation Judge (WCJ) issued an order awarding Claimant total disability benefits retroactive to April 18, 1997. Thereafter, Claimant returned to work for a period of time, but later returned to total disability status.

On May 20, 1999, ITT Hartford, the insurer of Claimant's employer, filed a petition requesting that a physician be designated to perform an impairment rating evaluation (IRE) on Claimant in accordance with section 306(a.2)(1) of the Workers' Compensation Act (Act). 77 P.S. § 511.2(1).[1] R. 10a. The Workers' Compensation Bureau (Bureau) appointed Si Van Do, M.D. to conduct the IRE. Dr. Van Do conducted

---

1. (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

    (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, that no reduction shall be made until sixty days' notice of modification is given.

    77 P.S. § 511.2(1).

the IRE on September 1, 1999, and found Claimant to possess an impairment rating of 10%.[2]

Following Dr. Van Do's evaluation, Claimant's employer, Capco Contracting, and its insurer, ITT Hartford, (hereinafter referred to collectively as Employer) filed a Notice of Change of Workers' Compensation Disability seeking to reduce Claimant's disability benefits from total to partial. R. 12a. In response, Claimant filed a Petition to Review Compensation Benefits (Review Petition) asserting, *inter alia,* that Employer did not request that Claimant submit to an IRE in a timely manner. R. 48a–50a. In particular, Claimant contended that section 511.2(1) requires the workers' compensation insurer to request an IRE within 60 days after a claimant has been receiving total disability benefits for a period of 104 weeks. Claimant asserted that in the instant case, Employer filed its IRE request before the expiration of Claimant's 104 weeks of total disability benefits had expired. Therefore, Claimant contended that Employer's IRE request was invalid.

On April 6, 2000, following a hearing on Claimant's Review Petition, the WCJ concluded that because Employer filed its IRE request prior to the expiration of the 104–week period, the IRE request was untimely. R. 101a–105a. The WCJ found that Claimant's 104 weeks of total disability benefits expired on July 23, 1999. Since the IRE was requested by the Employer on May 20, 1999, before the expiration of Claimant's receipt of 104 weeks of total disability benefits, the WCJ concluded that the request for the IRE was premature and therefore that the IRE itself was invalid. Employer appealed to the WCAB.

On April 18, 2000, Employer requested the Bureau to appoint a physician to have a second IRE conducted on Claimant. R. 58a. The Bureau denied Employer's request. Employer then filed a Modification Petition asserting that the Bureau improperly denied its request to have a second IRE

2. Section 306(a.2)(2) of the Act precludes a claimant from continuing to collect *total* disability benefits where the claimant receives an impairment rating of less than 50%. However the claimant would still be eligible for *partial* disability benefits. 77 P.S. § 511.2(2).

conducted. R. 58a. On September 18, 2000, the WCJ granted Employer's Modification Petition and ordered the Bureau to appoint a physician to conduct a second IRE. Claimant appealed to the WCAB asserting that since Employer's initial IRE had been untimely, Employer was precluded from requesting a second IRE.

On August 23, 2000, Employer filed a Petition for Physical Examination pursuant to Section 314 of the Act, 77 P.S. § 651, asserting that it had requested that Claimant submit to a second physical examination for purposes of obtaining an IRE, and Claimant had failed to comply. On October 3, 2000, the WCJ ordered Claimant to attend the physical examination. Claimant appealed to the Workers' Compensation Appeal Board (WCAB) asserting, *inter alia,* that the he was not required to attend the second physical examination because a decision on the timeliness of the initial IRE request was still pending on appeal. R. 59a.

On November 9, 2000, Employer filed a Suspension Petition requesting a suspension of Claimant's benefits since Claimant had failed to comply with the WCJ's order requiring Claimant to attend the second physical examination and IRE. The WCJ dismissed Employer's petition on grounds that the three prior petitions pending on appeal before the WCAB divested him of jurisdiction. Employer filed an appeal of that dismissal.

On June 13, 2002, the WCAB addressed the appeals from all four petitions. The WCAB concluded that because Claimant had already submitted to the initial IRE, Claimant had waived any challenge as to the timeliness of the IRE request. Accordingly, the WCAB reversed the decision of the WCJ that the initial IRE by Dr. Van Do was invalid.

The WCAB then addressed the WCJ's grant of Employer's Modification Petition and order requiring the appointment of a physician to conduct a second IRE. The WCAB concluded that because Claimant had submitted to the initial IRE thereby waiving any claim as to its untimeliness, the initial IRE was valid and the dispute concerning the appointment of a physician to conduct a second IRE was moot. Accordingly, the

WCAB vacated the WCJ's order granting Employer's Modification Petition, and dismissed Claimant's appeal. On the same grounds that Claimant had already attended the initial IRE, the WCAB vacated the order of the WCJ requiring Claimant to submit to the second medical examination, dismissing Claimant's appeal as moot. Based on its resolutions of the three prior petitions on grounds of waiver and mootness, the WCAB concluded that Employer's Suspension Petition had accordingly been rendered moot and dismissed Employer's appeal. R. 60a.

The Commonwealth Court determined that the WCAB erred in concluding that Claimant waived his challenge to timeliness by attending the IRE. The court reasoned that Claimant was only aggrieved after he attended the IRE, when Employer sought to reduce his benefits. Therefore, Claimant did not waive the issue of timeliness by waiting until he obtained the results of the IRE to object to its timeliness. However, the Commonwealth Court reasoned that the Workers' Compensation Act did not preclude an employer from filing its IRE request prior to the expiration of the 104 week period. The court determined that Claimant was not prejudiced by the timing of Employer's IRE request, particularly in light of the fact that the actual medical examination did not occur until after 104 weeks. Furthermore, the Court reasoned that following the IRE, Claimant could have filed an appeal directly contesting the change of his disability benefits, and therefore Claimant was not without an adequate remedy. Accordingly, the court affirmed the decision of WCAB. The Commonwealth Court did not address any of the issues surrounding Employer's second IRE request.

On April 19, 2006, this Court granted Claimant's Petition for Allowance of Appeal and vacated and reversed the order of the Commonwealth Court based on the decision in *Gardner v. WCAB (Genesis Health Ventures)*, 585 Pa. 366, 888 A.2d 758 (2005).[3] Thereafter, Employer filed an Application for Reconsideration and an Application for Supersedeas, both of which

---

**3.** *Dowhower v. WCAB* (CAPCO Contracting), 587 Pa. 132, 897 A.2d 1164 (2006).

we granted. The instant opinion is written to address the issues raised in the Application for Reconsideration.

In its Application for Reconsideration, Employer contends that the Commonwealth Court was correct in determining that Employer's initial IRE request was not made in an untimely manner. Employer asserts that this Court in *Gardner* established only that once a claimant has received total disability payments for 104 weeks, an insurer must request an IRE *no later* than 60 days after the expiration of the 104 weeks. However, Employer asserts that *Gardner* does not preclude an insurer from requesting an IRE *before* the expiration of 104 weeks of total disability, and therefore *Gardner* is inapplicable herein. Furthermore, Employer asserts that in the instant case the actual medical examination was conducted by Dr. Van Do after the expiration of the 104 weeks, therefore the medical examination itself and its associated subsequent impairment rating were timely.

The Workers' Compensation Act reads, in pertinent part, as follows:

When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

77 P.S. § 511.2(1). Following the medical examination, if the claimant receives an impairment rating of equal to or greater than 50 percent, the claimant is presumed to be totally disabled, and will continue to receive total disability benefits. However, where the claimant receives an impairment rating of less than 50 percent, the claimant's benefits are reduced *automatically* to partial disability benefits, upon 60 days notice. 77 P.S. § 511.2(2); *Gardner*, 585 Pa. at 373, 888 A.2d at 762.

In *Gardner*, we determined that Section 511.2(1) imposes mandatory and not directory or permissive obligations on an

insurer who is seeking to obtain the automatic, self-executing reduction of a claimant's benefits. Therefore, where an employer seeks to obtain an automatic reduction of a claimant's benefits from total to partial, the employer's insurer *must*, during the 60–day period subsequent to the expiration of the employee's receipt of 104 weeks of total disability benefits, request the employee's attendance at an IRE.

Because the language of section 511.2(1) is mandatory, an insurer may only request an IRE once a claimant has come into possession of 104 weeks of total disability benefits. In the instant case, Employer's request that Claimant submit to an IRE was made before the expiration of the 104 week period. Employer's request in the instant case was therefore premature. Accordingly, we vacate the order of the Commonwealth Court and remand this case for further proceedings as explained herein.

Employer argues that even if the time limits of section 511.2(1) are mandatory, Claimant waived any objections to the timeliness of Employer's IRE request by attending the IRE. Additionally, Employer asserts that while the IRE request was made before the expiration of the 104 week period, the medical examination was conducted after the 104 week period, and therefore Employer substantially complied with the requirements of section 511.2(1). As we indicated in *Gardner*, section 511.2(1) imposes a mandatory obligation on the insurer to *request* an IRE within the time limits specified. "A mandatory provision is one the failure to follow which renders the proceeding to which it relates illegal and void." *In re Nomination Papers of American Labor Party*, 352 Pa. 576, 579, 44 A.2d 48, 50 (1945); *Mullen v. Bd. of Sch. Dirs of DuBois Area Sch. Dist.*, 436 Pa. 211, 218, 259 A.2d 877, 881(1969); *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. General Davis, Inc.*, 537 Pa. 319, 323, 643 A.2d 670, 672 (1994). Where statutory provisions are mandatory, we have held as a general rule that they cannot be waived, and substantial compliance is not sufficient. *In re Nomination Papers of American Labor Party*, 352 Pa. at 581, 44 A.2d at 50; *Commonwealth v. Lukens Steel Co.*, 402 Pa. 304, 308, 167 A.2d 142,

144 (1961). Accordingly, in the instant case, because the IRE request did not comply with the requirements of section 511.2(1), the IRE itself is void.

■ Employer next asserts in its Application for Reconsideration that this Court's order reversing the Commonwealth Court's order allows important issues to escape review. Specifically, Employer contends that neither the WCAB nor the Commonwealth Court addressed the validity of Employer's request to have Claimant submit to a second IRE. Employer contends that even though its initial IRE request was untimely and invalid, it had every right to request that Claimant attend the second IRE. Since the WCJ ordered Claimant to attend the second IRE, and Claimant failed to do so, Employer contends that Claimant's benefits should have been suspended.

Employer argues that the subject of the second IRE is particularly relevant in light of this Court's decision in *Gardner*. Employer argues that in *Gardner*, this Court held that the failure to request an IRE within 60 days after a claimant has received 104 weeks of total disability benefits does not preclude the insurer from requesting than the employee submit to a subsequent IRE pursuant to 77 P.S. § 511.2(6).[4]

In *Gardner*, we noted that an insurer's failure to request that an employee submit to an IRE within the 60 days following the expiration of 104 weeks of total disability does not preclude the insurer from requesting that an employee submit to an IRE at a later time. We held in *Gardner* that section 511.2(6) permits an insurer to request that the claimant submit to an IRE outside of the section 511.2(1) requirements. However, pursuant to section 511.2(5), such an IRE will not generate the self-executing, automatic reduction of a claimant's benefits permitted by section 511.2(2). Rather, a

4. (6) Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, that for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period.

77 P.S. § 511.2.

reduction of compensation to partial disability after the expiration of the section 511.2(1) time limits requires an adjudication or agreement before benefits may be modified. 77 P.S. § 512(5) [5]; *Gardner*, 585 Pa. at 379, 888 A.2d at 766.

In the instant case, Employer requested Claimant's attendance at the second IRE after the sixty days following the 104 week period had expired. The WCJ subsequently ordered Claimant to attend the second IRE, and Claimant failed to comply. Thereafter, Employer sought suspension of Claimant's benefits for Claimant's failure to attend the IRE. Because the WCAB found that Employer's initial IRE was valid, the WCAB declined to address the validity of the second IRE request. Nor did the Commonwealth Court address the issues concerning the validity of the second IRE as it concluded that the initial IRE was timely. Accordingly, in light of our holding herein that Employer's initial IRE was untimely rendering the initial IRE void, we remand to the Commonwealth Court for consideration of the issues surrounding Employer's second and subsequent IRE requests. The grant of Employer's Application for Supersedeas remains in effect pending the resolution of the remaining issues on appeal.

Former Justice NEWMAN did not participate in the consideration or decision of this case.

Chief Justice CAPPY and Justice SAYLOR and BAER join the opinion.

Justice CASTILLE files a dissenting opinion.

Justice EAKIN files a dissenting opinion.

Justice CASTILLE, dissenting.

Because appellant Paul Dowhower ("Claimant") was not prejudiced by the timing of appellee Capco Contracting's

---

**5.** (5) Total disability shall continue until it is adjudicated or agreed under clause (b) that total disability has ceased or the employe's condition improves to an impairment rating that is less than fifty per centum of the degree of impairment defined under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2.

("Employer") request that he submit to an Impairment Rating Evaluation ("IRE"), I respectfully dissent.

I joined this Court's holding construing Section 306(a.2)(1) of the Workers' Compensation Act, 77 P.S. § 511.2(1), in *Gardner v. Workers' Compensation Board (Genesis Health Ventures)*, 585 Pa. 366, 888 A.2d 758 (2005), that once a claimant receives 104 weeks of total disability benefits, an employer has sixty days from that date to request an IRE for the purposes of acquiring automatic relief pursuant to 77 P.S. § 511.2(2).[1] The Employer's request in this case does not offend the principles we expressed in *Gardner*.

Section 511.2(1) states in relevant part:

When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

77 P.S. § 511.2(1) (footnote omitted). In *Gardner*, the employer attempted to obtain an automatic reduction in the claimant's benefits by submitting an IRE request over two and a half years *beyond* the date that the claimant had received total disability benefits for the statutory period of 104 weeks. This Court engaged in statutory interpretation of Section 511.2(1) to determine the precise obligations the section placed on employers seeking an IRE. We found that the language in Section 511.2(1) created a mandatory requirement that an employer seeking an automatic reduction in benefits request an IRE within sixty days from the date a claimant had received total disability benefits for 104 weeks, citing the

---

1. In accordance with 77 P.S. § 511.2(2), an IRE indicating a change in disability status, enables an employer to obtain an automatic reduction in benefit payments within sixty days notice of the modification. An employer may seek modification of benefits at other times, *see* 77 P.S. § 511.2(6), by requesting that a claimant submit to an independent medical evaluation, but modification as a result of that evaluation will not occur in the absence of an adjudication or agreement of the parties. 77 P.S. § 511.2(5).

General Assembly's repeated use of the word "shall." *Gardner*, 888 A.2d 765–66. This Court noted that, if Section 511.2(1) were deemed "merely directory" and did not impose an obligation on both the employer to request an IRE and the claimant to attend, a claimant could decline to attend the IRE and thus "frustrate the cost-containment objectives of Section 511.2." *Id.* at 765. Furthermore, the *Gardner* Court observed that while other sections of the Act[2] permitted an employer to request an evaluation of a claimant's condition beyond the statutory time-frame in Section 511.2(1), relief in such instances could only come through an adjudication if it were determined in an evaluation that claimant's condition had improved. *Id.* at 766.

An early IRE request (as here) does not pose the same issue as the belated request at issue in *Gardner.* Just as principles of statutory construction guided us in *Gardner,* we are obliged to utilize those principles in this matter. Section 1922(1) of the Statutory Construction Act sets forth a presumption that the General Assembly did not intend a construction of a statute that is "absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). In my mind, it is absurd to rule against an employer based upon a premature IRE request, and it is particularly absurd to so hold under the particular circumstances in the case *sub judice.* An early request for an IRE does not prejudice a claimant in the same way that a belated request does, so long as the IRE is conducted after the 104–week statutory period, because Section 511.2(1) places claimants on notice as to when they might expect an evaluation and subsequent modification of benefits absent a hearing. Indeed, the Claimant is not particularly prejudiced at all. Claimant could not have been surprised or prejudiced by Employer's request, as it was made approximately two months prior to the ending date that the WCJ determined he had received total disability benefits for 104 weeks, and the IRE was scheduled and took place over a month following Claimant's receipt of benefits for 104 weeks.

**2.** *See* 77 P.S. § 511.2(6).

Moreover, as this very case illustrates, it is particularly absurd to mindlessly punish an employer because there was a dispute respecting the proper calculation of the 104–week period. In this case, Employer requested an IRE based on credible evidence that Claimant had received benefits for 104 weeks. However, the parties disputed from the start of litigation the beginning date on which Claimant had received benefits with respect to the statutory period. The Workers' Compensation Judge ("WCJ") noted that Claimant had begun receiving total disability benefits starting on April 18, 1997. Despite Employer's argument that the 104–week period from April 18, 1997 ended on April 14, 1999, Claimant's contention that the correct ending date was July 23, 1999 prevailed. The WCJ's reasons for finding Claimant's calculation more persuasive than Employer's calculation are not apparent, but it is obvious that Employer's calculation was fair and not an attempt to circumvent the plain language of Section 511.2(1). In a circumstance like this, it is indeed absurd to invalidate Employer's technically valid IRE request, particularly based on unexplained findings from the WCJ. I cannot see how the purpose of Section 511.2(1) is offended, or the parties harmed, where Employer, according to the WCJ's finding, requested an IRE just prior to the date that Claimant had received total disability benefits for 104 weeks, and the IRE occurred after Claimant had received benefits for the statutory period.

Although this Court was concerned in *Gardner* that the parties might view the requirements of Section 511.2(1) as optional, our ruling made it clear that an employer must make an explicit request for an IRE before the expiration of the statutory period in Section 511.2(1) and the claimant must attend the IRE. Even assuming that the WCJ's finding with respect to the date that Claimant had received total disability benefits for 104 weeks was correct, allowing an Employer to receive the benefit of automatic statutory relief under the circumstances presented here does not offend this essential lesson. Based on the foregoing reasons, I would find that Employer submitted an IRE request in accordance with the

statutory time-frame established in Section 511.2(1). I therefore respectfully dissent.

Justice EAKIN, dissenting.

I dissent because I believe Claimant waived his objection to the timeliness of the impairment rating examination (IRE) request by attending the IRE September 1, 1999. The applicable statute states:

> When an employe has received total disability compensation ... for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the *expiration* of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any.

77 P.S. § 511.2(1) (emphasis added). Although § 511.2(1)'s language requires a claimant to submit to an IRE, the employer is being penalized because it did not request such examination within 60 days "upon the expiration" of the 104 weeks of total disability compensation. The statute is clearly intended to have an employer make the relevant request promptly, yet the employer here is being penalized for acting *too* promptly. The employer requested the IRE May 20, 1999, which was prior to the July 23 expiration of the 104-week period. Knowing this, Claimant nevertheless attended the IRE September 1, 1999, without objection to the exam, much less the timeliness of the request. Claimant filed a Petition to Review Compensation Benefits in response to employer's Notice of Change of Workers' Compensation Disability, and only then asserted employer requested the IRE too soon; by the time he objected, he had undergone the IRE, thus waiving any objection to the timeliness of the request.

What Claimant has waived is the ability to complain about the timeliness of the request—having failed to do so until after the exam itself, he has waived any right to contest the early request. What purpose is there to pointing to the premature nature of the notice after the IRE is complete? If there is no objection to the exam itself, how can there be a litigable post-

test objection to the premature request for it? To hold the IRE is void because of Claimant's tardy claim that it was requested too soon—timely conducted, but requested too soon—is affording Claimant a remedy for which he has no prejudice or damage. It is ironic that Claimant here is the tardy one; he complained too late about Employer giving too much notice, and somehow prevails.

The doctrine of waiver applies to workers' compensation proceedings, and the purpose of the doctrine is to ensure all relevant issues are preserved for the WCJ so there is orderly administration of the workers' compensation process for work-related injuries. *See Wellington Foods v. WCAB,* 863 A.2d 151, 155 (Pa.Cmwlth.2004) (Cohn Jubelirer, J., dissenting) (citing *Wheeler v. WCAB,* 829 A.2d 730, 734 (Pa.Cmwlth. 2003)). Claimant could have refused to attend the IRE when the request was made prematurely; his objection could thus have been adjudicated when it was pertinent. Having failed to do so until after the exam itself, having suffered no prejudice by the early notice, Claimant waived any objection to the timeliness of such request, and I would not address the merits.