The VILLAGE AT PALMERTON
ASSISTED LIVING,
Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (KILGALLON),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 2014.
Decided June 12, 2015.

Kurt C. Walsh, Scranton, for petitioner.

Gerald F. Strubinger, Jr., Palmerton, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, P. KEVIN BROBSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge RENÉE COHN JUBELIRER.[1]

The Village at Palmerton Assisted Living (Employer) petitions for review of an Order of the Workers' Compensation Appeal Board (Board) affirming the Decision of the Workers' Compensation Judge (WCJ) which: (1) granted the reinstatement and review petitions filed by Donna Kilgallon (Claimant); (2) denied Claimant's penalty petition; and (3) denied Employer's modification and review petitions. On appeal, Employer argues that the Board erroneously interpreted the statutory requirements set forth in Section 306(a.2)(1) of the Workers' Compensation Act[2] (Act) for obtaining an automatic change in a claimant's disability status based on an Impairment Rating Evaluation (IRE). Because we conclude that the Board erred, we reverse.

## I. BACKGROUND

Claimant suffered a work-related injury on March 3, 2007, while employed by Employer. (WCJ Decision, May 9, 2012 (2012 WCJ Decision), Findings of Fact (2012 FOF) ¶ 1.) Claimant began receiving temporary total disability benefits, as of September 27, 2007, for back and knee injuries pursuant to a WCJ decision circulated on September 11, 2008. (Board Op. at 1, Claimant's Ex. C-1.) As of November 28, 2009, Claimant had received 104 weeks of temporary total disability. (WCJ Decision, June 9, 2011, FOF ¶ 4a, R.R. at 31a.) On or about September 21, 2009, Employer and its insurer filed Form LIBC-766, "Request for Designation of a Physician to Perform an [IRE]" (Initial Request for Designation), with the Bureau of Workers' Compensation (Bureau).[3] (2012 FOF ¶ 5(a); Form LIBC-766, R.R. at 72a-73a.) Upon receiving a copy of Employer's Initial Request for Designation, Claimant,

---

1. This matter was reassigned to the authoring judge on March 10, 2015.

2. Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1).

3. Pursuant to the Bureau's regulations, "[o]nly the insurer may request that the [Bureau] designate an IRE physician." 34 Pa. Code § 123.104(a).

through counsel, advised Employer that she would not attend an IRE absent an order of Court. (2012 FOF ¶ 5(b).) The Bureau issued a "Notice of Designation of [IRE] Physician" (Notice of Designation) appointing Brent M. Nickischer, D.O., to conduct the IRE. (2012 FOF ¶ 5(b); Notice of Designation, R.R. at 74a.)

On October 8, 2009, Employer filed with the Bureau a "Petition for Physical Examination or Expert Interview of Employee" (Petition for Physical Examination) stating that "Claimant's counsel objected to Claimant's attendance at an IRE without a Judge's Order." (2012 FOF ¶ 5(d).) Claimant filed an answer averring that Employer was not entitled to an IRE because Employer did not show that its Initial Request for Designation was timely. (2012 FOF ¶ 5(d).) Employer's Petition for Physical Examination was assigned to WCJ Kutz for disposition. While the proceedings on Employer's Petition for Physical Examination were pending, Employer filed Form LIBC–765, "[IRE] Appointment," with the Bureau on November 2, 2009, stating "that Claimant reached 104 weeks of temporary total disability as of September 19, 2009" and scheduling an IRE of Claimant with Dr. Nickischer for November 16, 2009. (2012 FOF ¶ 5(c); Form LIBC–765, R.R. at 76a–77a.)

Employer realized its Initial Request for Designation was premature and, beginning with correspondence dated December 14, 2009, attempted to timely request the designation of a physician to perform an IRE. Therefore, in its first letter to WCJ Kutz, Employer advised that its Initial Request for Designation was premature, that Employer would seek a re-designation of an IRE physician, that Employer understood that Claimant would attend a rescheduled IRE, and that the parties believed the matter could be resolved amicably. (2012 FOF ¶ 5(e); Letter from Employer to WCJ Kutz (December 14, 2009), R.R. at

87a.) The next day, in correspondence dated December 15, 2009, Employer notified WCJ Kutz that the Bureau had informally advised Employer "that there was nothing that could be done to correct" the miscalculation of when Claimant had received 104 weeks of temporary total disability that resulted in the premature filing of Employer's Initial Request for Designation and that, if Employer filed a second, timely Form LIBC–766, Request for Designation, it would be denied. (Letter from Employer to WCJ Kutz at 1 (December 15, 2009 Letter), R.R. at 88a–89a.) Employer believed this denial would be contrary to the Supreme Court's decision in *Dowhower v. Workers' Compensation Appeal Board (CAPCO Contracting)*, 591 Pa. 476, 919 A.2d 913 (2007) (holding that a request for the designation of an IRE physician is premature, which renders any IRE conducted on the claimant void, if filed before the claimant has reached 104 weeks of total disability). (December 15, 2009 Letter at 1, R.R. at 88a–89a.) Employer further advised WCJ Kutz that, based on the holding in *Dowhower*, Employer "is now making a timely second request to the Bureau to appoint an IRE physician" and requested that WCJ Kutz issue an order compelling the Bureau to appoint an IRE physician. (December 15, 2009 Letter at 1–2, R.R. at 88a–89a.)

Employer made its second request for the designation of an IRE physician by letter addressed to the Bureau dated December 16, 2009. Therein, Employer requested that the Bureau allow this correspondence "to serve as a formal request for the Bureau to designate a physician to conduct an [IRE] on . . . Claimant." (Letter from Employer to Bureau at 1 (December 16, 2009 Letter), R.R. at 90a.) Employer advised the Bureau that Employer's Initial Request for Designation was premature and Employer was, therefore, "requesting the Bureau to now appoint an

IRE physician to conduct an evaluation." (December 16, 2009 Letter at 1, R.R. at 90a.) Employer explained "that the Bureau had previously designated [Dr.] Nickischer, DO[,] as the physician to conduct the initially requested IRE evaluation;" however, the IRE was never conducted. (December 16, 2009 Letter at 1, R.R. at 90a.) Employer attached, for the Bureau's convenience, a copy of its Initial Request for Designation that Employer submitted on Form LIBC–766, and the Bureau's prior designation of Dr. Nickischer. (December 16, 2009 Letter at 1, R.R. at 90a.) Finally, Employer notified the Bureau that, by a copy of this correspondence, Employer was notifying Claimant's counsel and WCJ Kutz of Employer's request for the designation of an IRE physician to conduct an evaluation on Claimant. (December 16, 2009 Letter at 1, R.R. at 90a.) Employer did not "file any new Bureau forms for its request." (2012 FOF ¶ 5(h).)

Employer's Petition for Physical Examination, which had been filed with regard to Employer's Initial Request for Designation, was the subject of a hearing on December 22, 2009. However, because Employer conceded that its Initial Request for Designation was prematurely filed and Employer "was attempting to obtain the designation of a new IRE physician from [the] Bureau," Employer agreed to withdraw the Petition for Physical Examination. (WCJ Decision, December 24, 2009, FOF ¶ 2, R.R. at 94a.) WCJ Kutz, therefore, dismissed Employer's Petition for Physical Examination and further ordered that Employer was permitted to present WCJ Kutz's order to the Bureau in support of Employer's "current request for the designation of a new IRE physician." (WCJ Order, December 24, 2009.)

The Bureau responded to Employer's December 16, 2009 Letter by correspondence dated December 24, 2009. Therein, the Bureau advised Employer as follows:

With respect to your concerns regarding the Request for Designation having been filed prematurely, please note that the Request for Designation does not "request the employee's attendance at the IRE." Instead, the regulations require the insurer to request the employee's attendance by completing form LIBC–765 (*Impairment Rating Evaluation Appointment*). (See 34 Pa.Code § 123.102(e).) In fact, unlike the *Impairment Rating Evaluation Appointment* form, the filing of a Request for Designation is not a necessary pre-requisite to obtaining an IRE determination and would not be filed where, for example, the parties agree on a physician to perform the examination. Thus, the date upon which the Request for Designation is filed may not be relevant to determining whether the actual IRE was timely or premature.

With regard to your request that the Bureau issue a new Notice of Designation of IRE Physician, please note that you may consider the Bureau's assignment of Brent M. Nickischer, D.O., to be effective as of the date of your most recent request.

(Letter from Bureau to Employer (December 24, 2009 Letter), R.R. at 95a.)

Employer responded to the Bureau's December 24, 2009 correspondence by letter dated January 5, 2010, wherein Employer took issue with the Bureau's statement "that the date upon which the **Request for [Designation]** is filed may not be relevant to determining whether the actual **IRE** was **timely or premature**." (Letter from Employer to Bureau at 1 (January 5, 2010 Letter), R.R. at 97a (emphasis in original).) Citing *Dowhower*, Employer advised the Bureau that a Request for Designation is premature if filed before the claimant has reach 104 weeks of total disability benefits. (Janu-

ary 5, 2010 Letter at 1, R.R. at 97a.) Employer expressed its concern "that if the IRE which was prematurely requested is conducted, the IRE report and overall evaluation can be considered invalid, thereby costing Employer not only high monetary amounts but also invaluable time." (January 5, 2010 Letter at 2, R.R. at 98a.) Due to Employer's concern and the Supreme Court's decision in *Dowhower*, Employer requested that the Bureau "issue a new formal Notice of Designation of IRE Physician." (January 5, 2010 Letter at 2, R.R. at 98a.) Employer also attached a copy of WCJ Kutz's December 24, 2009 order as support for its request. (January 5, 2010 Letter at 2, R.R. at 98a.)

When Employer did not receive a new formal Notice of Designation from the Bureau, as requested, Employer filed with the Bureau a second Form LIBC–766 on February 11, 2010 (February 11, 2010 Request for Designation), requesting the designation of a physician to conduct an IRE of Claimant. (2012 FOF ¶ 5(i).) In response, by correspondence dated February 19, 2010, the Bureau informed Employer that it could not process Employer's February 11, 2010 Request for Designation because the Bureau's records indicated that it currently had a pending request for Claimant "and this injury date ... has not been completed." (Letter from Bureau to Employer (February 19, 2010 Letter), R.R. at 111a.) Employer was further informed that the Bureau "must receive the LIBC–767 (Face Sheet) and report before [it would] process a new request for designation." [4] (February 19, 2010 Letter, R.R. at 111a.)

The Bureau notified the parties on March 25, 2010 that the IRE physician designated to conduct the IRE was changed from Dr. Nickischer to Raymond Bruno, D.O. (2012 FOF ¶ 5(j).) On April 13, 2010, Employer filed Form LIBC–765, "[IRE] Appointment", stating that Claimant's 104 weeks of total disability ended on October 3, 2009 and that Claimant was scheduled for an IRE with Dr. Bruno on May 18, 2010. (2012 FOF ¶ 5(k), Form LIBC–765, R.R. at 121a–22a.) Employer also filed a Petition for Physical Examination to compel Claimant to attend the IRE scheduled for May 18, 2010. (2012 FOF ¶ 5(*l*).) On June 9, 2011, WCJ Kutz granted Employer's Petition for Physical Examination and directed Claimant to attend an IRE with Dr. Bruno. (2012 FOF ¶ 5(m).) Claimant submitted to an IRE examination on July 27, 2011. (2012 FOF ¶ 5(n).) On September 14, 2011, Employer "issued a 'revised' Notice of Change of Workers' Compensation Disability Status" (Notice of Change). (2012 FOF ¶ 5(o).) Therein, Employer indicated that, as a result of the July 27, 2011 IRE, Claimant's impairment rating was 11% and that the effective date of Claimant's disability status change was May 18, 2010. (Notice of Change, R.R. at 124a.)

## II. PETITIONS AT ISSUE IN THIS APPEAL

Claimant filed reinstatement and review petitions alleging that Employer was not entitled to an automatic change in her disability status because the IRE request and resulting IRE were untimely. (2012 FOF ¶ 2.) Claimant also filed a penalty petition alleging that Employer violated the Act by improperly filing the Notice of Change. (2012 FOF ¶ 2.) Employer filed timely answers to Claimant's petitions. (2012 FOF ¶ 2.) Thereafter, Employer filed modification and review petitions "seeking review and/or modification of

---

4. Although Employer has included in the reproduced record, marked as Exhibit 18, its March 9, 2010 response to the Bureau's February 19, 2010, this exhibit was not admitted by the WCJ into the certified record on the basis of hearsay. (2012 FOF ¶ 4.)

IRE change in status date to November 28, 2009." (2012 FOF ¶ 3.) The petitions were consolidated and proceedings before WCJ Pletcher ensued.

In support of her petitions, Claimant submitted a June 30, 2011 decision and order by WCJ Kutz denying Employer's modification, suspension and review petitions, granting Claimant's review petition, and denying Claimant's penalty petition. (2012 FOF ¶ 4; Claimant's Ex. C–1.) Employer submitted documentary evidence consisting of several exhibits. (2012 FOF ¶ 4.) Employer did not submit Dr. Bruno's IRE report or deposition testimony. (2012 FOF ¶ 6.) It was "undisputed that Claimant did not reach 104 weeks [of temporary total disability] until November 28, 2009." (2012 WCJ Decision at 3.)

Based on the evidence presented, WCJ Pletcher found that Employer's February 11, 2010 Request for Designation was untimely; therefore, Employer was not entitled to an automatic change in Claimant's disability status. (2012 FOF ¶ 7.) WCJ Pletcher reasoned that, although Employer exchanged correspondence with the Bureau regarding Employer's request for the designation of an IRE physician, the resulting "bureaucratic issues" were caused by Employer filing its Initial Request for Designation prematurely. (2012 WCJ Decision at 3.) WCJ Pletcher acknowledged that Employer made a request for the designation of an IRE physician in correspondence with the Bureau; however, WCJ Pletcher concluded that Employer's request should have been provided on the appropriate Bureau forms. (2012 WCJ Decision at 4.)

Accordingly, the WCJ granted Claimant's reinstatement and review petitions, but denied Claimant's penalty petition because she was not harmed by Employer's technical violation of the Act. (2012 FOF ¶¶ 8–9.) Because Employer was not entitled to an automatic change in Claimant's disability status and Employer did. not present any medical· evidence to support Dr. Bruno's IRE, WCJ Pletcher denied Employer's modification and review petitions. (2012 FOF ¶ 10.)

Employer appealed and, upon review, the Board affirmed WCJ Pletcher's Decision, albeit for different reasons. The Board determined as follows:

In order to secure an automatic change to Claimant's benefits, [Employer] was required to request Claimant's attendance at an IRE within sixty days of November 28, 2009. *Dowhower.* In order to effectively request Claimant's attendance, [Employer] was required to utilize Form LIBC–765 "Impairment Rating Evaluation Appointment." 34 Pa.Code § 123.102(e). [Employer] did not submit Form LIBC–765 until April 13, 2010, after the expiration of the sixty[-]day window under Section 306(a.2)(1). Because [Employer] did not request Claimant's attendance at an IRE until after the expiration of the sixty[-]day window, it was not entitled to an automatic change in Claimant's benefits and was required to proceed under the traditional administrative process. *Diehl [v. Workers' Compensation Appeal Board (I.A.Construction),* 607 Pa. 254, 5 A.3d 230 (2010) ]. [Employer] did not submit any evidence establishing Claimant's impairment rating before the WCJ so as to satisfy the traditional administrative process. Therefore, the WCJ did not err in denying [Employer's] Petitions and declining to automatically change Claimant's benefits to partial.

[Employer] nevertheless argues that it should be entitled to an automatic change in Claimant's benefits because it requested the designation of an IRE physician within the sixty[-]day window or alternatively that it should not be penalized for the Bureau's error in not

designating an IRE physician sooner. We disagree. [Employer] was required to "request the employee's attendance at an IRE" within the sixty[-]day window. *Dowhower*, 919 A.2d at 917. In order to request Claimant's attendance, [Employer] was required to utilize Form LIBC-765. 34 Pa.Code § 123.102(e). Although the IRE was untimely in *Dowhower* where the request for designation was premature, it is clear that [Employer's] request for Claimant's attendance, in addition to its Request for Designation, must be timely in order to affect an automatic change in benefits. *Gardner v. [Workers' Compensation Appeal Board] (Genesis Health Ventures)* [585 Pa. 366], 888 A.2d 758 (Pa.2005). Moreover, any delay in designation stemmed from [Employer's] original untimely Request for Designation and request for attendance. Despite this delay, the Bureau attempted to re-designate an IRE Physician effective as of December 16, 2009 pursuant to the Bureau letter dated December 24, 2009. The designation by letter afforded [Employer] a month between the designation and the close of the sixty[-]day window. Therefore, we determine no error in the WCJ's refusal to automatically adjust Claimant's benefits.

(Board Op. at 5–6 (footnotes omitted).) Accordingly, the Board affirmed the WCJ's Decision. Employer now petitions this Court for review.[5]

### III. EMPLOYER'S APPEAL

#### A. What constitutes a "request" to submit to a medical examination pursuant to Section 306(a.2)(1) of the Act

Here, Employer first argues that the Board erred by concluding that, pursuant to Section 306(a.2)(1) of the Act, an employer's timely request that a claimant submit to an IRE requires: (a) the filing of Form LIBC–766, "Request for Designation of a Physician to Perform an [IRE]", (b) subsequent receipt of the Bureau's designation of an IRE physician, and (c) the filing of Form LIBC–765, "[IRE] Appointment", all of which must occur within the sixty-day window following a claimant's receipt of 104 weeks of temporary total disability in order for an employer to obtain an automatic change in the claimant's disability status.

■ "[T]he legislative intent behind Section 306(a.2) ... is to ensure efficiency within the workers' compensation system." *Diehl*, 5 A.3d at 245–46. In construing Section 306(a.2)(1), we "must effectuate the intent of the General Assembly." *Gardner*, 888 A.2d at 761 (citing Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a)). "[T]he best indication of legislative intent is the language of a statute." *Id.* Section 306(a.2)(1) of the Act provides as follows:

When an employe has received total disability compensation ... for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equiv-

---

5. "Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n. 2 (Pa.Cmwlth.2007).

alent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1). If the IRE conducted on the claimant produces an impairment rating of less than fifty percent, the claimant's total disability benefits are automatically reduced, upon sixty days' notice, to partial disability benefits. Section 306(a.2)(2), 77 P.S. § 511.2(2); *Gardner*, 888 A.2d at 762.

 In *Gardner*, our Supreme Court held that "once a claimant receives ... 104 weeks of total disability benefits, the insurer has sixty days from that date during which it must *request* that the claimant submit to an IRE for the purposes of obtaining the automatic relief set forth in [Section 306(a.2)(1) ]." *Gardner*, 888 A.2d at 767–68 (emphasis added). Thus, under Section 306(a.2)(1) and the Supreme Court's holding in *Gardner*, it is the date of the *request* to submit to the medical examination to determine the degree of impairment, not the date that the claimant actually attends the IRE, that is determinative as to the timeliness of the IRE request. As such, we must determine what constitutes the "request that the claimant submit to an IRE," which must occur within the required sixty days in order for the request to be considered timely for purposes of obtaining the automatic relief under Section 306(a.2)(2). As stated previously, the Board held in this matter that *both* the request for the designation of an IRE physician (Form LIBC–766) *and*, after designation of the IRE physician is received, the request for a claimant's attendance at the IRE (Form LIBC–765) must be filed within sixty days upon the expiration of the claimant's receipt of 104 weeks of temporary total dis-

ability benefits in order to affect an automatic change in benefits. (Board Op. at 5–6.) Pursuant to the following discussion, we conclude that the Board's holding is incorrect.

In *Dowhower* the IRE process began on May 20, 1999, with the employer's insurer requesting the designation of a physician to perform an IRE on the claimant pursuant to Section 306(a.2)(1). *Dowhower*, 919 A.2d at 914. The Bureau complied and the IRE was conducted approximately four months later on September 1, 1999. *Id.* at 915. The claimant received 104 weeks of temporary total disability benefits as of July 23, 1999. *Id.* The issue before our Supreme Court was whether the insurer's request that the claimant submit to an IRE was premature because it was filed before the claimant had received 104 weeks of temporary total disability benefits. *Id.* at 917. In addressing this issue, the Supreme Court treated the date that the insurer filed its request for a designation of a physician to perform the IRE on the claimant as the date of the insurer's request that the claimant submit to an IRE. *Id.* The Supreme Court ultimately held that the insurer's request for a designation of an IRE physician, filed before the claimant had received 104 weeks of temporary total disability benefits, was premature and "because the IRE request did not comply with the requirements of section [306(a.2)(1) ], the IRE itself [was] void." *Id.* at 918.

 Although the Supreme Court, in *Dowhower*, did not specifically explain why the date that the request for the designation of an IRE physician is filed is determinative as to timeliness, use of this date is consistent with the mandatory requirement set forth in Section 306(a.2)(1) that "[t]he degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Common-

wealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, *or as designated by the department* .... " 77 P.S. § 511.2(1) (emphasis added). As reflected in this language, if the parties do not choose a qualified physician by agreement, the first step in requesting that an employee submit to an IRE is securing, from the Bureau, the designation of a qualified physician to perform the IRE. The Bureau's regulations recognize its statutory duty to designate an IRE physician in an efficient manner by directing that such requests be filed on Form LIBC–766 and that a physician will be designated by the Bureau within twenty days of the receipt of an insurer's request. 34 Pa.Code § 123.104.

■ The regulations also require that an "insurer shall request the employee's attendance at the IRE in writing on Form LIBC–765, 'Impairment Rating Evaluation Appointment,' and *specify therein the date, time and location of the evaluation and the name of the physician performing the evaluation,* ... designated by the [Bureau]." 34 Pa.Code § 123.102(e) (emphasis added). As such, Form LIBC–765, requesting attendance at the IRE, *cannot* be filed until the Bureau has designated an IRE physician and an IRE has been scheduled; these are necessary prerequisites to filing Form LIBC–765 requesting the employee's attendance at an IRE. The insurer or employer do not have total control over the timing of fulfilling these requirements because the designation of the physician is dependent on the Bureau and the date and time of the IRE is dependent on the physician's schedule.

The Board held that, in order for the IRE request to be timely under Section 306(a.2)(1), the insurer must file *both* forms, Form LIBC–766 requesting desig-

nation of a physician, and also Form LIBC–765 requesting the employee's attendance at the IRE, within the sixty-day window (within sixty days upon the expiration of the claimant's receipt of 104 weeks of temporary total disability benefits). However, the Supreme Court did not require this in *Dowhower*; the statute does not specifically require this; and even the Bureau's own regulations, given the timing requirements, do not support this requirement.

■ Accordingly, we conclude that, when the parties cannot agree on an IRE physician, the date the insurer requests that a physician be designated to perform an IRE is the determinative date as to whether the IRE request is timely under Section 306(a.2)(1) of the Act. Therefore, the Board erred by holding that, in order to secure an automatic change to Claimant's benefits, Employer was required to request the designation of an IRE physician by filing both Form LIBC–766 *and* request Claimant's attendance at an IRE by filing Form LIBC–765, within sixty days of when Claimant had received 104 weeks of temporary total disability, or November 28, 2009.

### B. Whether Employer filed a timely request for the designation of an IRE Physician

Next, Employer argues that WCJ Pletcher erred by concluding that Employer's request for designation of an IRE physician was untimely because the conclusion is inconsistent with the evidence of record. Employer asserts that it complied with the dictates of the Act when it timely requested, via its December 16, 2009 Letter, that the Bureau designate an IRE physician. Employer contends that the December 16, 2009 Letter request was only eighteen days after Claimant had received 104 weeks of temporary total dis-

ability. Employer points out that the Bureau acknowledged that a request for the designation of an IRE physician had been made when it advised Employer, by letter dated December 24, 2009, that it could consider the previous assignment of Dr. Nickischer to be effective as of the date of Employer's most recent request. Finally, Employer argues that when it did file a second Form LIBC–766 on February 11, 2010, the Bureau rejected Employer's request.

■ Our review reveals that, based on the record in this matter, Employer timely requested, as required by Section 306(a.2)(1) of the Act, that the Bureau designate an IRE physician to conduct an IRE of Claimant. It is undisputed that Claimant received 104 weeks of total disability benefits on November 28, 2009. It is also undisputed that Employer prematurely filed its Initial Request for Designation on LIBC Form–766 on September 21, 2009, because the request was filed before Claimant had reached 104 weeks of total disability. However, Claimant did not submit to a medical examination to determine her impairment; instead, Claimant notified Employer that she would not submit absent an order and litigation before WCJ Kutz ensued. (2012 FOF ¶ 5(b).) During the course of this litigation, Employer realized that its Initial Request for Designation was premature and, in an effort to resolve this litigation and secure a timely designation of an IRE physician within sixty days of Claimant's receipt of 104 weeks of total disability, Employer informally contacted the Bureau for guidance. (December 15, 2009 Letter.) After being informally advised by the Bureau that the premature filing of Employer's Initial Request for Designation could not be corrected and that any subsequent request, although timely, would be denied, Employer by letter dated December 16, 2009, formally informed the Bureau that its initial request to the Bureau to desig-

nate an IRE physician was premature. (December 16, 2009 Letter, R.R. at 90a.) Employer also requested that the Bureau permit its December 16, 2009 Letter to serve as a formal request for the Bureau to designate a new IRE physician and attached the completed LIBC Form–766 it had prematurely filed on September 21, 2009. (December 16, 2009 Letter, R.R. at 90a.) Employer further advised the Bureau that it had previously designated Dr. Nickischer as the IRE physician and that a copy of the Bureau's prior designation was attached for the Bureau's convenience. (December 16, 2009 Letter, R.R. at 90a.) Employer also advised the Bureau that it was notifying Claimant's counsel of Employer's request by providing a copy of its December 16, 2009 Letter to the Bureau. (December 16, 2009 Letter, R.R. at 90a.)

The Bureau responded to Employer's December 16, 2009 Letter on December 24, 2009. (December 24, 2009 Letter, R.R. at 95a.) Therein, the Bureau acknowledged Employer's December 16, 2009 request that the Bureau issue a new notice of designation of IRE physician and advised Employer that it could "consider the Bureau's assignment of [Dr. Nickischer] to be effective as of the date of [Employer's] most recent request." (December 24, 2009 Letter, R.R. at 95a.) Notably, in its December 24, 2009 Letter, the Bureau did not specify that Employer had to refile a new LIBC Form–766 in order to request the designation of an IRE physician.

Although we agree that Bureau forms are necessary and serve a useful purpose, the requirement that a request to designate an IRE physician be made on Form LIBC–766 is not a statutory requirement, but is required by the Bureau's regulations. *See* 34 Pa.Code § 123.104(c) (requiring that the request to designate a physician be made on Form LIBC–766). Given that (1) no IRE was performed as a

result of Employer's premature filing of its Initial Request for Designation, (2) Employer attached its original Form LIBC–766 to its December 16, 2009 Letter, and (3) the Bureau chose to accept Employer's December 16, 2009 Letter, with the attached copy of its original Form LIBC–766 filed on September 21, 2009, as a formal request for a designation of an IRE physician, WCJ Pletcher's determination that Employer had to file a subsequent request on Form LIBC–766, pursuant to the Bureau's regulations in order for it to be considered a valid and timely request for a designation of an IRE physician, is elevating form over substance. This is particularly true where, as per Employer's December 15, 2009 Letter to WCJ Kutz, the Bureau informally advised Employer that there was nothing that could be done to correct the miscalculation that resulted in Employer prematurely filing its Initial Request for Designation and that the Bureau would deny a timely filed second request. (December 15, 2009 Letter.) Accordingly, we conclude that Employer's December 16, 2009 Letter, with attached completed Form LIBC–766, was filed within the required sixty-day time period for an automatic change in Claimant's disability status under Section 306(a.2) of the Act, 77 P.S. § 511.2.[6]

## IV. CONCLUSION

For the foregoing reasons, the Board's Order is reversed.

### *ORDER*

NOW, June 12, 2015, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **REVERSED.**

**CONCURRING AND DISSENTING OPINION BY** Senior Judge ROCHELLE S. FRIEDMAN.

I agree with the majority's conclusion that the WCAB erred in determining that Employer was required to request the designation of an IRE physician by filing both Form LIBC–766 and Form LIBC–765 within 60 days of Claimant receiving 104 weeks of temporary total disability. However, I disagree with the majority's conclusion that Employer's December 16, 2009, letter addressed to the Bureau amounted to an official request for designation of a physician to perform an IRE of Claimant. Therefore, I respectfully concur in part and dissent in part.

Because Employer did not submit Form LIBC–766, Employer is not entitled to an automatic change in disability status. The automatic change requires strict compliance with the statutory requirements. *Dowhower v. Workers' Compensation Appeal Board (CAPCO Contracting),* 591 Pa. 476, 919 A.2d 913, 918 (2007). The Supreme Court has spoken on this issue; thus, I believe that the majority is rewriting the regulation and ignoring its plain meaning. *See Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures),* 585 Pa. 366, 888 A.2d 758, 761–62 (2005).[1]

Pursuant to section 306(a.2)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1), an employer must request an IRE within 60 days after

---

6. The change in disability status from total to partial does not reduce Claimant's benefit amount, but limits the receipt of benefits to 500 weeks. *Diehl v. Workers' Compensation Appeal Board (IA Construction),* 972 A.2d 100, 104–05 (Pa.Cmwlth.2009), *aff'd,* 607 Pa. 254, 5 A.3d 230 (2010).

1. I emphasize that Employer is not without recourse if it does not obtain an automatic change; Employer must merely prove that it is entitled to a change in disability status through the traditional administrative process.

a claimant has received 104 weeks of total disability benefits. Here, because Employer's first IRE request occurred before Claimant had received 104 weeks of total disability benefits, its request was *void*. *See Dowhower*, 919 A.2d at 918 (finding that "because the IRE request did not comply with the requirements of section 511.2(1), the IRE itself is void").

Therefore, Employer needed to file a new IRE request. Section 306(a.2)(1) of the Act imposes a mandatory obligation on the employer to request an IRE within the time limits specified. *Gardner*, 888 A.2d at 767. In accordance with 34 Pa.Code § 123.104(c) (emphasis added), "[t]he request to designate a physician *shall* be made on Form LIBC–766." The statute requires Employer to request an IRE, and the Bureau's regulations mandate that Employer's IRE request be on the proper form, Form LIBC–766.[2] This court has consistently held that "Commonwealth agencies must follow their own regulations." *Novak v. Commonwealth*, 106 Pa. Cmwlth. 232, 525 A.2d 1258, 1260 (1987). Further, we must interpret agency regulations as we interpret statutes unless the interpretation is " 'clearly erroneous or inconsistent with the statute under which the regulation is promulgated.' " *Gardner*, 888 A.2d at 767 (citation omitted). We interpret statutes to effectuate the intent of the General Assembly, which is best indicated by the statute's language. *Id.* at 761. "[W]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit," but actually "gleaned from those very words." *Id.* at 762.

Here, in its prayer for relief, Employer seeks to have us follow the spirit of the law rather than its legislative intent; however,

the statute and regulations are clear. Thus, the Bureau could not treat Employer's letter as a proper IRE request, anymore than it could a telephone call or a text. Further, I disagree with the majority's conclusion that requiring compliance with the regulations "is elevating form over substance." (Maj. Op. at 1212.)

Although Employer did not submit a timely Form LIBC–766 entitling it to an automatic change in disability status, Employer is not without recourse. Employer could present the IRE as medical evidence in support of its request for a change in disability status. *See Gardner*, 888 A.2d at 767 (stating that under section 306(a.2)(6) of the Act, "an insurer may request [that] an employee submit to an IRE beyond the sixty-day window; the consequences of such examination however, cannot operate to automatically reduce the claimant's benefits") (citing 77 P.S. § 511.2(6)); *Westmoreland Regional Hospital v. Workers' Compensation Appeal Board (Pickford)*, 29 A.3d 120, 126–27 (Pa.Cmwlth.2011) (*en banc*) (stating that an employer must present the IRE as medical evidence when the IRE request is beyond the 60–day window). Thus, Employer is not precluded from changing Claimant's disability status; Employer merely needs to obtain this relief through the traditional administrative process. *See Gardner*, 888 A.2d at 768; and *Stanish v. Workers' Compensation Appeal Board (James J. Anderson Construction Company)*, 11 A.3d 569, 574, 577 (Pa.Cmwlth.2010).

Accordingly, I would affirm the decision of the WCAB.

---

2. I note that there is no requirement, as the majority suggests, that the Bureau inform Employer to file an LIBC Form–766 in order

to request the designation of an IRE physician. (*See* Maj. Op. at 1211.)