IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Kilgallon,                          :
                    Petitioner            :
                                          :   No. 1063 C.D. 2020
            v.                            :
                                          :   Submitted: April 1, 2021
The Village at Palmerton Assisted         :
Living and Laundry Owners Mutual          :
Liability Insurance Association of        :
Pennsylvania (Workers' Compensation       :
Appeal Board),                            :
                    Respondents           :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: July 13, 2021


        Donna Kilgallon (Claimant) petitions for review from the September 29, 2020 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) denying Claimant's petition to reinstate total disability benefits based upon an unconstitutional impairment rating evaluation (IRE) and *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). The WCJ denied Claimant's reinstatement petition because Claimant declined to present any evidence of a continuing work-related disability, as required by *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599

(Pa. Cmwlth. 2018) (*en banc*). Before this Court, Claimant essentially contends that *Whitfield* was wrongly decided. We disagree and affirm.

The relevant facts are undisputed and may be summarized as follows. On March 3, 2007, Claimant sustained a work-related injury while employed by The Village at Palmerton Assisted Living (Employer). Claimant began receiving temporary total disability benefits, as of September 27, 2007, for back and knee injuries pursuant to a WCJ decision circulated on September 11, 2008. On July 27, 2011, Claimant underwent an IRE, as previously provided for in former section 306(a.2)(1) of the Workers' Compensation Act (Act),[1] which stated that physicians must use "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). *Formerly* 77 P.S. §511.2(1). Employer then issued a Notice of Change of Workers' Compensation Disability Status (NCWCDS), and with Claimant's impairment level falling below 50%, Claimant's status automatically converted, as a matter of then statutory law, from total to partial disability, effective May 18, 2010.[2] *See generally The Village at Palmerton Assisted Living v. Workers' Compensation Appeal Board (Kilgallon)*, 118 A.3d 1202 (Pa. Cmwlth. 2015).

Over seven years later, on June 20, 2017, our Supreme Court decided *Protz*, wherein it concluded that the IRE procedure in former section 306(a.2) of the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] Former section 306(a.2) of the Act provided for modification from total to partial disability when a claimant was shown to have an impairment rating of less than 50%. Although a change in status from total to partial disability under former section 306(a.2) did not alter the rate of compensation, the practical effect was to limit the receipt of partial disability benefits to 500 weeks. *Whitfield*, 188 A.3d at 602 n.2; *see* section 306(b)(1) of the Act, 77 P.S. §512(1) (limiting a claimant's receipt of partial disability benefits to 500 weeks).

2

Act was an unconstitutional delegation of legislative power, in large part, because the AMA Guides have been revised and replaced with new editions and medical standards to evaluate bodily impairment following the legislature's enactment of the statutory section.[3]

On July 21, 2017, Claimant filed a reinstatement petition, based upon an unconstitutional IRE and *Protz*, seeking reinstatement to total disability benefits as of May 8, 2010. By decision and order dated October 27, 2017, the WCJ granted Claimant's reinstatement petition, concluding that Claimant was left without a remedy to reinstate total disability benefits because the IRE procedure in former section 306(a.2)(1) was declared unconstitutional in *Protz*. Employer subsequently appealed to the Board. On February 27, 2019, the Board, citing our intervening decision in *Whitfield*, remanded the case for the WCJ to conduct a hearing and determine whether Claimant continues to be disabled from the work-related injury. (WCJ's Findings of Fact (F.F.) at Nos. 1-6.)

On remand, the WCJ scheduled a hearing, which was held on May 29, 2019, and both Claimant and Employer appeared. However, Claimant, through her counsel, advised that she was not presenting any evidence. Employer also did not present any evidence, and the record closed. On June 18, 2019, the WCJ issued a decision and order denying Claimant's reinstatement petition. In so doing, the WCJ determined that pursuant to *Whitfield*, in order for a claimant to be entitled to reinstatement, the claimant must credibly testify that his/her prior work-related injury

---

[3] In response to *Protz*, the legislature enacted the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed section 306(a.2) and replaced it with section 306(a.3) of the Act, 77 P.S. §511.3. Under section 306(a.3), an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, and a claimant's whole body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. §511.3.

continues. Because Claimant did not testify at the hearing, the WCJ concluded that she could not obtain reinstatement of total disability benefits. (WCJ's F.F. at Nos. 6-10.)

Claimant appealed to the Board. Implicitly, Claimant acknowledged that *Whitfield* held that, for a claimant to receive reinstatement of total disability benefits based on *Protz* and an unconstitutional IRE, a claimant must demonstrate that he/she continues to be disabled from the work injury. Nonetheless, Claimant asserted that *Whitfield* improperly shifted the burden of proof in a reinstatement proceeding because the underlying IRE was unconstitutional. The Board disagreed, noted that it was bound by *Whitfield*, and rejected Claimant's argument that *Whitfield* was improperly decided. Accordingly, the Board affirmed the WCJ. (Board's decision at 3-4.)

Thereafter, Claimant filed a petition for review in this Court.[4] Candidly, she admits (correctly) that given our decision in *Whitfield*, she was obligated to adduce credible evidence that her work-related injury continues in order to receive reinstatement. *See Whitfield*, 188 A.3d at 617 ("[I]n order to be entitled to reinstatement, a claimant must testify that her work-related injury continues, and the WCJ must credit that testimony over any evidence that an employer presents to the contrary."). However, seeking to impugn *Whitfield* as valid precedent, Claimant contends that it should be the employer's burden to prove that she is not totally disabled because the IRE that initially changed her status to temporary disability was unconstitutional. Claimant asserts that *Whitfield* improperly shifted the burden of

---

[4] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

4

proof onto claimants and, as such, effectively eliminated her vested right to compensation benefits in violation of Article I, Section 11 of the Pennsylvania Constitution, also known as the Remedies Clause.[5] Claimant further contends that *Whitfield* erroneously shifted the burden of proof because that decision "ignore[d] there is a continuing medical disability when benefits are changed" via a NCWCDS, and failed to properly apply *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 642 A.2d 1083 (Pa. 1994), and *Pieper v. Ametek-Thermox Instruments Division*, 584 A.2d 301 (Pa. 1990). (Claimant's Br. at 12-13.) Lastly, Claimant points to the humanitarian purpose of the Act and stresses that, "through no fault of [her] own, her total disability benefits were extinguished by an unconstitutional section of the Act." (Claimant's Br. at 14.) For these reasons, Claimant essentially asserts that *Whitfield* should be overruled.

Initially, we note that in *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020), this Court recently reaffirmed *Whitfield*. In *Weidenhammer*, the claimant argued that *Protz* "voided her IRE *ab initio*" and, "thus, she [was] entitled to a reinstatement of total disability compensation." *Id.* at 989. The claimant also contended "that *Whitfield* was wrongly decided and should be overruled," *id.*, because it "is contrary to the directive that the Act be liberally construed in favor of the injured worker." *Id.* at 995. Further, the claimant asserted that "her right to disability compensation is protected by Article I, Section 11 . . . of the Pennsylvania Constitution." *Id.* at 992.

This Court soundly rejected all of the claimant's arguments. More specifically, we held "that the ruling in *Protz* [] was not intended to be given a fully

---

[5] Pa. Const. art. I, §11.

5

retroactive effect," *i.e.*, to authorize reinstatement per se, and narrowed "the availability of [its] new rule of law to litigants who had preserved the issue" during direct review. *Id.* at 994. We also dismissed the claimant's "argument that *Whitfield* was wrongly decided and should be overturned" and determined that the claimant's "statutory right to total disability compensation had been extinguished at the point in time that she filed her reinstatement petition." *Id.* at 994-96. In *Perillo v. Workers' Compensation Appeal Board (Extended Healthcare Services, Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported),[6] this Court clarified *Weidenhammer* and expressly concluded that a claimant "has no vested right to [] benefits" and, thus, there is "no entitlement to reinstatement of [] total disability" and "the Remedies Clause does not apply." *Id.*, slip op. at 5 & n.10.

Moreover, in *Whitfield*, an *en banc* panel of this Court engaged in a thorough discussion of *Latta* and *Pieper* when we devised the standard and burden of proof in a reinstatement petition that is based on *Protz* and an unconstitutional IRE:

> The current scenario is more akin to a claimant seeking reinstatement of benefits currently under suspension than one seeking reinstatement of benefits following termination because there is no allegation that [the claimant's] disability has ceased. The Supreme Court previously explained that suspension status "actually acknowledges a continuing medical injury." *Latta*[], 642 A.2d [at] 1085. In situations where benefits were suspended, a claimant is only required to demonstrate that the reasons for the suspension no longer exist. *Pieper*[], 584 A.2d [at] 304. A claimant is not required to demonstrate with medical evidence that the work-related injury giving rise to the benefits continues; a claimant's testimony to that effect satisfies the claimant's burden of proof. *Latta*, 642 A.2d at 1085. Our Supreme

---

[6] We cite *Perillo*, an unreported decision, for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

6

Court has held that "once a claimant testifies that his prior work-related injury continues, the burden shifts to his employer to prove the contrary. Where an employer fails to present evidence to the contrary, the claimant's testimony, if believed by the [WCJ], is sufficient to support reinstatement." *Id.* The Supreme Court explained that because the claimant already established a work-related injury, it would be improper to require a claimant to establish it again. *Id.* "In such suspension situations, the causal connection between the original work-related injury and the disability which gave rise to compensation is presumed." *Pieper*, 584 A.2d at 305. . . .

Here, [the claimant] testified she was unable to work at all since the date of her surgery in 2002. [The employer] did not present any evidence to the contrary. Therefore, if [the claimant's] testimony is credited, this satisfies her burden. *Latta*, 642 A.2d at 1085.

*Whitfield*, 188 A.3d at 614-16 (some internal citations omitted).

Ultimately, after considering potential ways through which a claimant could sustain her burden of proof, we decided that the above "approach [was] consistent with the overall remedial purpose and humanitarian objective of the [] Act, which is intended to benefit the injured worker." *Id.* at 616. This Court stated that, "[o]therwise, it would appear that a claimant whose status was changed to . . . partial disability based upon an unconstitutional IRE would have no other mechanism of reinstating his or her right to total disability benefits." *Id.*

As evidenced from our above discussion, Claimant's arguments have been considered and refuted by our case law. "Under *stare decisis,* we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated." *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020) (*en banc*). Here, Claimant has not provided us with a persuasive reason to reconsider,

7

much less overrule, our decision in *Whitfield*. Therefore, following *Whitfield*, we must conclude that the Board did not err in affirming the WCJ's decision denying Claimant's reinstatement petition because Claimant failed to submit evidence that she continues to suffer from a work-related injury.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Kilgallon,                :
          Petitioner        :
                          :   No. 1063 C.D. 2020
          v.                :
                          :
The Village at Palmerton Assisted   :
Living and Laundry Owners Mutual   :
Liability Insurance Association of    :
Pennsylvania (Workers' Compensation  :
Appeal Board),                 :
          Respondents     :

## ***ORDER***

AND NOW, this 13th day of July, 2021, the September 29, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____

PATRICIA A. McCULLOUGH, Judge