**Paul DOWHOWER, Petitioner**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (CAPCO CON-
TRACTING), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.
Decided Oct. 15, 2007.

Jason M. Weinstock, Harrisburg, for petitioner.

James A. Tinnyo, Harrisburg, for respondent.

BEFORE: COLINS, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

This case comes to the Court on remand from the Pennsylvania Supreme Court. The case began in 1999 with a petition to review benefits filed by Paul Dowhower (Claimant) alleging that Capco Contracting (Employer) had improperly reduced his disability benefits from total to partial after an impairment rating evaluation (IRE) concluded that Claimant's impairment was 10%. Claimant asserted that Employer's request for the IRE that led to the change in his disability status violated the Workers' Compensation Act (Act).[1]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626. Specifical- ly, Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S.

The WCJ granted Claimant's petition, but the Workers' Compensation Appeal Board (Board) reversed. This Court affirmed the Board. However, our Supreme Court concluded that Employer's request for an IRE was untimely, rendering the IRE void, and remanded the matter to this Court for further proceedings. Because the issues remaining in this case have never been reviewed by the Board, we must, in turn, remand the case to the Board.

We begin our discussion with a procedural history of this case. Claimant sustained a work-related back injury on September 13, 1996, and he was awarded compensation benefits commencing on April 18, 1997, pursuant to a May 1998 decision of the WCJ. Claimant returned to work for a brief period of time and then went out on total disability.

In May 1999, Employer filed a petition requesting the Bureau of Workers' Compensation (Bureau) to appoint a physician to conduct an IRE of Claimant pursuant to Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1).[2] The Bureau appointed Si Van Do, M.D., who performed an IRE on Claimant on September 1, 1999. Dr. Van Do concluded that Claimant had a 10% impairment rating. Accordingly, Employer filed a Notice of Change of Workers' Compensation Disability Status changing Claimant's status from total disability to partial disability as permitted under Section 306(a.2)(2) of the Act, 77 P.S. § 511.2(2).[3] This change in status did not, however, affect the amount of Claimant's disability compensation. *See* Section 306(a.2)(3) of the Act, 77 P.S. § 511.2(3).[4] Claimant responded by filing a petition to review compensation benefits alleging, among other things, that the timing of Employer's request for the IRE violated the Act.

On April 6, 2000, the WCJ granted Claimant's review petition, concluding that Employer's request for the IRE did not conform to the time requirements for such

§ 511.2 sets forth the procedures for requesting an IRE.

**2.** Section 306(a.2)(1) of the Act provides:

When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1).

**3.** Section 306(a.2)(2) provides in relevant part:

If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment ... the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits.... If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, that no reduction shall be made until sixty days' notice of modification is given.

77 P.S. § 511.2(2) (emphasis added).

**4.** Section 306(a.2)(3) of the Act states that "the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same." 77 P.S. § 511.2(3).

a request. Employer's request for the IRE was made prior to the expiration of 104 weeks of total disability benefits, and, thus, was made too early. Even though the actual examination took place within the 60–day window following the expiration of 104 weeks of disability, the WCJ voided the IRE. Employer appealed.

On June 2, 2000, Employer filed a modification petition. Employer alleged that on April 18, 2000, it requested that the Bureau appoint a physician to perform a second IRE, but the Bureau refused to do so. Employer requested that the WCJ direct the Bureau to appoint an IRE physician. On September 18, 2000, the WCJ ordered the Bureau to arrange another IRE, noting that Section 306(a.2)(6), 77 P.S. § 511.2(6), allows for more than one IRE so long as they do not exceed two in any twelve-month period.[5] Claimant appealed to the Board.

On August 25, 2000, Employer filed a petition for physical examination under Section 314 of the Act, 77 P.S. § 651. Employer alleged that on August 23, 2000, it requested Claimant to submit to an IRE with Dr. Van Do and that Claimant refused to do so.[6] Therefore, Employer requested that the WCJ order Claimant to submit to a physical examination with Dr. Van Do. On October 3, 2000, the WCJ ordered Claimant to attend the examination because the examination was reason-able with regard to time, place and frequency. Claimant appealed.

On November 13, 2000, Employer filed a suspension petition. The Employer did so because in spite of the WCJ's order of October 3, 2000, Claimant refused to attend the examination scheduled for November 22, 2000. On March 21, 2001, the WCJ dismissed the suspension petition, noting that his previous decisions in the case had been appealed and that the matter was before the Board. The WCJ explained that, in his view, principles of judicial economy would not be served by having the WCJ issue yet another decision while his other decisions were still on appeal. Employer appealed.

The Board consolidated all four appeals and issued one opinion. With respect to the WCJ's grant of Claimant's review petition, the Board reversed. It held that Claimant's attendance at the first IRE resulted in a waiver of his right to challenge the timeliness of Employer's IRE request. As a result of the ruling on Claimant's petition, the Board held that the other three appeals were moot.[7]

Claimant appealed the Board's reversal of the WCJ's decision granting Claimant's review petition. This Court, in *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 826 A.2d 28 (Pa. Cmwlth.2003), affirmed the Board, albeit

---

5. Section 306(a.2)(6) provides:
   Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, that for purposes of this clause, the employe shall not be required to submit to more than two independent medical examinations under this clause during a twelve-month period. 77 P.S. § 511.2(6).

6. Apparently, the Bureau was refusing to appoint an IRE physician, and so Employer arranged an IRE with Dr. Van Do, who had performed the initial IRE.

7. Claimant's appeals of the grant of Employer's (1) modification petition and (2) petition for physical examination were found moot because Claimant had already submitted to an IRE. Therefore, the Board vacated the WCJ's decisions on both petitions. Employer's appeal of the WCJ's dismissal of its suspension petition was found moot because of the Board's disposition of the other three petitions. The Board vacated the WCJ's decision dismissing the suspension petition.

on different grounds. We concluded that the Claimant's attendance at the IRE did not result in a waiver of his right to object to the timeliness of Employer's IRE request. However, we rejected Claimant's timeliness argument, finding that an IRE can be requested prior to the expiration of 104 weeks of disability, especially where the exam itself takes place after 104 weeks. We did not address the other three petitions and appeals that had been filed with the Board, noting that

> [a]s for the remaining three appeals ... the Board concluded that they were moot in light of its decision on the initial appeal. *These issues were not raised before this Court.*

*Id.* at 30, n. 4 (emphasis added).

Claimant appealed to the Pennsylvania Supreme Court, and it reversed. Its *per curiam* opinion stated as follows:

> And now, this 19th day of April, 2006, the Petition for Allowance of Appeal in the above-captioned matter is hereby granted and the order of the Commonwealth Court in this matter is vacated and reversed based on the decision in *Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures),* 585 Pa.366, 888 A.2d 758 (Pa.2005).

*Dowhower v. Workers' Compensation Appeal Board (Capco Contracting),* 587 Pa. 132, 897 A.2d 1164 (2006).

Employer then filed an application for reconsideration and an application for supersedeas, both of which the Supreme Court granted. The Supreme Court subsequently issued a new decision in *Dowhower v. Workers' Compensation Appeal Board (CAPCO Contracting),* 591 Pa. 476, 919 A.2d 913 (2007), vacating and remanding

this Court's decision. The Supreme Court held that under Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1), an employer may not request an IRE until the claimant has received 104 weeks of total disability benefits. Stated otherwise, the employer's request must be made during the 60–day period of time following the claimant's receipt of total disability for 104 weeks. Because Employer requested the IRE prior to the expiration of 104 weeks, the Court ruled that the initial IRE was illegal and void.

The Supreme Court went on to discuss Employer's argument that the reversal of this Court's order would allow important issues to escape review, namely the validity of Employer's request to have Claimant submit to a second IRE.[8] The Supreme Court reasoned as follows:

> In the instant case, Employer requested Claimant's attendance at the second IRE after the sixty days following the 104 week period had expired. The WCJ subsequently ordered Claimant to attend the second IRE, and Claimant failed to comply. Thereafter, Employer sought suspension of Claimant's benefits for Claimant's failure to attend the IRE. Because the WCAB found that Employer's initial IRE was valid, the WCAB declined to address the validity of the second IRE request. Nor did the Commonwealth Court address the issues concerning the validity of the second IRE as it concluded that the initial IRE was timely.

*Id.* at 485, 919 A.2d at 919. Accordingly, the Supreme Court remanded the matter to this Court "for consideration of the issues surrounding Employer's second and

---

8. The Supreme Court noted that pursuant to *Gardner,* an employer that fails to successfully request an IRE within 60 days after the expiration of 104 weeks of total disability benefits is not precluded from requesting that an employee submit to an IRE at a later time under Section 306(a.2)(6) of the Act, 77 P.S. § 511.2(6). *Dowhower,* at 484, 919 A.2d at 918.

subsequent IRE requests." *Id.* The Supreme Court also specified that the grant of supersedeas remains in effect pending the resolution of the remaining issues on appeal. Therefore, the matter is once again before this Court.

■ On remand,[9] Claimant presents four issues for our consideration: (1) the WCJ erred in granting Employer's modification petition in light of the Bureau's refusal to designate a second IRE physician; (2) Employer improperly requested and scheduled a second IRE while the validity of its original IRE was still being litigated on appeal; (3) the WCJ erred in granting Employer's physical examination petition when the Bureau did not designate the physician to conduct a second IRE; and (4) the WCJ properly refused to consider Employer's suspension petition where the Bureau had not designated a physician to perform the second IRE and related appeals were still pending. Claimant also contends that Employer waived arguments that it is making to this Court, *i.e.* Employer's request to change Claimant's disability status to partial as of November 2000 and request for a credit for all benefits paid since that time.[10] Claimant asks that we affirm the WCJ's decision dismissing Employer's suspension petition and reverse the WCJ's decisions granting Employer's modification petition and physical examination petition.

Employer presents three issues for our consideration: (1) Claimant waived all issues he now raises because he did not preserve them before this Court or before the Supreme Court; (2) Claimant's benefits should be suspended as of the date of the second scheduled IRE because Claimant refused to attend that exam, in violation of the WCJ's order; and (3) after Claimant attends the second IRE ordered in this case, the beginning date of his change in disability status should be November 22, 2000, the date of the scheduled second IRE that he refused to attend. Employer requests a suspension of benefits as of November 22, 2000; a change in Claimant's status to occur November 22, 2000, if he is ultimately determined to be less than fifty percent impaired; and a credit against compensation payable for the period since Claimant's November 22, 2000, refusal to attend the mandated examination.

■ The Board, not this Court, must review the various decisions of the WCJ before this Court can undertake its appellate review. Both Claimant and Employer acknowledge that the merits of their challenges to the various decisions of the WCJ have not been decided by the Board, which, under the Act, is an essential step that must be taken.[11] The parties urge this Court to review the WCJ's decisions

---

**9.** This Court's scope and standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown),* 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

**10.** Claimant filed an application for relief under Pa. R.A.P. 123 seeking to supplement the record with Employer's briefs to the WCJ and the Board, in an attempt to demonstrate that Employer has waived certain issues. Given

our disposition of this case, Claimant's application for relief is moot.

**11.** Section 423 of the Act states, in relevant part, as follows:

(a) Any party in interest may, within twenty days after notice of a workers' compensation judge adjudication shall have been served upon him, take an appeal to the board on the ground: (1) that the adjudication is not in conformity with the terms of this act, or that the workers' compensation judge committed any other error of law; (2) that the findings of fact and adjudication was unwarranted by

without the Board's review. We decline this invitation because this Court is charged with reviewing Board decisions, not WCJ decisions.[12] *See Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission),* 745 A.2d 1282, 1287 (Pa.Cmwlth. 2000) (explaining that a matter may not come to this Court directly from a WCJ's decision without first going through the Board). The Board's prior holding that the other appeals were moot must be set aside because they are no longer moot.

Accordingly, we remand this matter to the Board to decide the merits of the original appeals regarding the WCJ's grant of the modification and physical examination petitions and refusal to consider Employer's suspension petition.[13]

### ORDER

AND NOW, this 15th day of October, 2007, the order of June 13, 2002, of the Workers' Compensation Appeal Board vacating the decisions on the suspension, modification and physical examination petitions and dismissing the parties' appeals as moot is hereby vacated. This matter is remanded to the Workers' Compensation Appeal Board to address the merits of these appeals. Paul Dowhower's application for relief under Pa. R.A.P. 123 is denied as moot. Jurisdiction relinquished.

sufficient, competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest....

\* \* \*

(c) The board shall hear the appeal on the record certified by the workers' compensation judge's office. The board shall affirm the workers' compensation judge adjudication, unless it shall find that the adjudication is not in compliance with section 422(a) and the other provisions of this act.

77 P.S. §§ 853, 854.2.

12. Neither party was able to cite authority for this Court to directly review a WCJ's decisions.

13. This remand should have no impact on the supersedeas order of the Supreme Court. Of course, any questions about that supersedeas order are for our Supreme Court to decide.