# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Wheatley,           :
          Petitioner           :
          :
        v.           :
          :
Pyramid Hotel Group (Workers'           :
Compensation Appeal Board),           :    No. 1017 C.D. 2022
          Respondent           :    Submitted: December 4, 2023

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY                             FILED: January 11, 2024

Wesley Wheatley (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) September 1, 2022 Field Office Order denying his Petition for Miscellaneous - Other (Petition) because it was not timely filed. Claimant presents one issue for this Court's review: whether the Board erred by denying the Petition as late filed. After review, this Court affirms.

On January 24, 2019, Claimant filed a Claim Petition for WC benefits (Claim Petition) alleging that he sustained a work-related aggravation of preexisting allergic and asthmatic pathology, respiratory system injuries, and endocrine system acquired diabetes on October 8, 2018. On May 13, 2020, WC Judge (WCJ) Audrey Beach (WCJ Beach) granted the Claim Petition. Claimant and Pyramid Hotel Group (Employer) appealed from WCJ Beach's decision to the Board.

On March 25, 2021, the Board affirmed WCJ Beach's decision in part, reversed it in part, and remanded the matter for WCJ Beach to

> re-examine the existing record, re-open the record to the extent necessary in regard to what data between October

28, 2018 and October 8, 2019 wage benefits are to be reduced due to other employment and by what amount. On remand, Claimant is to be afforded an opportunity to raise objections to any such wage credits raised by [Employer], and [Employer] is to be afforded an opportunity to defend against any claim to penalties. The [WCJ] is further directed to issue an [a]mended [d]ecision and [o]rder which meets the reasoned decision requirement of the [WC] Act [(Act)].[1]

Board Dec. at 15 (Reproduced Record (R.R.) at 43a-44a).

On remand to WCJ Beach, the parties entered into a Stipulation of Facts (Stipulation). *See* R.R. at 49a-51a. On August 31, 2021, WCJ Beach issued an amended decision and order simply granting the Claim Petition "in accordance with the [] Stipulation." WCJ Beach 8/31/2021 Order (August 2021 Order) at 4 (R.R. at 48a). Neither party appealed from the August 2021 Order.

On September 29, 2021, Claimant appealed from the Board's March 25, 2021 order to this Court.[2] By April 22, 2022 Memorandum and Order, this Court quashed Claimant's appeal on the basis that he improperly appealed from WCJ Beach's August 2021 Order without first appealing therefrom to the Board, as this Court has set forth in *Dowhower v. Workers' Compensation Appeal Board (Capco Contracting)*, 934 A.2d 774 (Pa. Cmwlth. 2007), and *Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission)*, 745 A.2d 1282 (Pa. Cmwlth. 2000).

On May 13, 2022, Claimant filed a petition that this Court deemed an application for reconsideration of its April 22, 2022 Order (Reconsideration Application). In his Reconsideration Application, Claimant asserted that his September 29, 2021 appeal was a challenge to the Board's March 25, 2021 decision and not the August 2021 Order.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] *Wheatley v. Pyramid Hotel Grp. (Workers' Comp. Appeal Bd)* (Pa. Cmwlth. No. 1069 C.D. 2021, Memo & Order filed Apr. 22, 2022).

On May 20, 2022, this Court dismissed Claimant's Reconsideration Application as untimely filed because Pennsylvania Rule of Appellate Procedure 2542(a)(1) specifies that reconsideration requests must be filed within 14 days after entry of the order involved, and Claimant filed the Reconsideration Application on May 13, 2022, 21 days after this Court issued its April 22, 2022 Order. *See* Pa.R.A.P. 2542(a)(1). This Court's May 20, 2022 Order further declared:

> [E]ven if [Claimant's] [Reconsideration Application] had been timely filed, [this Court] would still find that [Claimant's] petition for review must be quashed. Here, the last order of the [Board] is dated March 25, 2021, and the petition for review was filed on September 29, 2021, which is more than 30 days after the Board's decision and, therefore, untimely. *See* Pa.R.A.P. 1512(a)(1). In order to timely perfect an appeal to this Court, [Claimant] would have to ask the Board to render a final order following the issuance of the August 31, 2021 decision of [WCJ Beach]. As noted in our prior [Memorandum and] Order, this Court is unable to act on appeals that are taken directly from a WCJ order. *See Shuster* . . . ; *Dowhower* . . . .

May 20, 2022 Order at 1-2 (R.R. at 53a-54a).

On May 23, 2022, Claimant mailed the Petition to the Board, which the Board received on May 26, 2022, therein requesting "an [o]rder making all proceedings before it <u>final</u>, so [he] can file an [a]ppeal to the Commonwealth Court."[3] Certified Record Item 2 at 2.[4] The Board acknowledged receipt of Claimant's Petition on June 6, 2022. *See* R.R. at 60a-61a. Employer did not challenge the Petition. On September 1, 2022, the Board issued the Field Office Order denying the Petition, explaining:

---

[3] The Petition was in the form of a letter from Claimant's counsel to the Board. *See* Certified Record Item 2 at 1-2. When the Board acknowledged receiving the letter, it designated the letter a Petition for Miscellaneous - Other. *See* R.R. at 60a.

[4] Claimant did not include the Petition in the Reproduced Record.

> For the same reasons cited by the Commonwealth Court, mainly those which were stated in the *Shuster* decision, following a [Board] remand to the WCJ, [] any aggrieved party must then file an appeal with the Board [] or ask the Board to certify its original determination as final for appeal to the Commonwealth Court. As [] Claimant's appeal is now late pursuant to Section 423[(a)] of the Act[, 77 P.S. § 853,[5]] because [it] was not filed within 20 days of [] WCJ [Beach's August 2021 Order], the relief requested by []Claimant is DENIED[.]

Board Field Office Order at 1 (R.R. at 65a). Claimant appealed to this Court.[6]

Claimant argues that the Board erred by denying his appeal as untimely because he appealed to this Court on September 29, 2021, reasonably believing that since "the issues on remand had been resolved, and the parties had previously timely appealed . . . to the Board, finality had been achieved." Claimant Br. at 9. Claimant specifically asserts:

> What more would the Board need to constitute actual finality than that which was supplied by [WCJ Beach] to the Board in [the August 2021 Order]? That [August 2021 Order] fills in the blanks to finality. There are no further requirements that the Board could possibly require. Hence, the appeal by [Claimant] was not an appeal from [WCJ Beach's August 2021 Order] but from the [March 25, 2021] Board [d]ecision and the Board erred by not simply declaring finality as intimated by the Commonwealth Court [in its May 20, 2022 Order].

*Id.* at 10. Claimant further contends, "[i]n the alternative, [that] the Board erred by not using its equitable powers to declare finality, rather than denying the relief

---

[5] Section 423(a) of the Act states, in pertinent part: "Any party in interest may, within [20] days after notice of a [WCJ's] adjudication shall have been served upon him, take an appeal to the [B]oard . . . ." 77 P.S. § 853.

[6] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021).

sought by [Claimant] . . . the Board had to know that all issues on [] remand had been satisfied." Claimant Br. at 10.

However, the law is well settled that "[a] Board order remanding a case to the WCJ for further action is interlocutory and cannot be appealed until the WCJ has issued his[/her] subsequent order." *Shuster*, 745 A.2d at 1285. Once the WCJ has issued an order after remand, even if the WCJ's order is favorable to the parties, "[t]he Board, not this Court, must review [it] before this Court can undertake its appellate review." *Dowhower*, 934 A.2d at 778; *see also Carolina Freight Carriers Corp. v. Workmen's Comp. Appeal Bd. (Armitage)*, 585 A.2d 555 (Pa. Cmwlth. 1990). The *Shuster* Court explained:

> [N]o matter whether a party appeals [from] the Board's decision . . . or the WCJ's decision . . . , he or she is required to follow the normal procedure to appeal a WCJ decision[,] which is to file an appeal with the Board within 20 days after notice of that decision has been received. [*See*] Section 423[(a)] of the Act, 77 P.S. § 853. The party can then file a motion with the Board requesting that the Board make its previous order final.

*Id*. at 1287. The *Shuster* Court made clear that future appeals taken directly from a WCJ's remand order to this Court would be quashed. *See id*.; *see also Dowhower*, 934 A.2d at 779 (citing to *Shuster*) ("[A] matter may not come to this Court directly from the WCJ's decision without first going through the Board[.]").

Here, contrary to the Court's instructions in *Dowhower* and *Shuster*, Claimant did not appeal to the Board within 20 days of receiving WCJ Beach's August 2021 Order and request that the Board make its March 25, 2021 decision final so he could appeal to this Court. Rather, Claimant appealed from the Board's March 25, 2021 decision to this Court on September 29, 2021. Claimant asserts that WCJ Beach's August 2021 Order had the effect of making the Board's interlocutory

5

March 25, 2021 decision final and appealable. However, in *Carolina Freight*, this Court expressly rejected that reasoning in similar circumstances.

Regarding Claimant's alternative argument, this Court acknowledges that the Act "is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Hi-Tech Flooring, Inc. v. Workers' Comp. Appeal Bd. (Santucci)*, 280 A.3d 1141, 1148 (Pa. Cmwlth. 2022) (quoting *City of Pittsburgh v. Workers' Comp. Appeal Bd. (Robinson)*, 67 A.3d 1194, 1202 n.8 (Pa. Cmwlth. 2013)). This Court also recognizes that Pennsylvania Rule of Appellate Procedure 105 provides that courts are to liberally construe appellate rules "to secure the just, speedy, and inexpensive determination of every matter to which they are applicable[,]" and that the courts may "disregard the requirements or provisions . . . in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." Pa.R.A.P. 105.

> Notwithstanding that
>
> the Act is liberally construed, in the realm of *time limitations* a considerable level of strictness is implicated. Virtually all of the time limitations - . . . governing the time to be taken for appeal - are strictly construed. Although "technicalities are not looked upon with favor in compensation cases," [*Katz v. Evening Bull.*, 403 A.2d 518, 520 (Pa. 1979)[7] (quoting *Wilkinson v. United Parcel Serv.*, 43 A.2d 408, 412 (Pa. Super. 1945)),] . . . time limitations . . . have for decades been identified as not *being* "technicalities." [*Id.*]
>
> . . . .

---

[7] The *Katz* Court remanded the matter to this Court on other grounds. On appeal from this Court's decision, the Pennsylvania Supreme Court reversed. *See Workmen's Comp. Appeal Bd. v. Evening Bull.*, 409 A.2d 970 (Pa. Cmwlth. 1980), *rev'd*, 445 A.2d 1190 (Pa. 1982).

> The appeal provisions of both the Act and the appellate rules . . . provide for time limitations that have as their priority not humanitarian concerns but judicial economy and order.

David B. Torrey & Andrew E. Greenburg, 8 West's Pa. Prac., Workers' Comp. § 14:1 (4th ed. 2022) (emphasis in original).

Further,

> [i]t is well established that the failure to file an appeal within the requisite time period is jurisdictional. Our Supreme Court has cautioned that "[i]n order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal." *Criss* [*v. Wise*], 781 A.2d [1156,] 1159 [(Pa. 2001)]. The deadline for filing an appeal "cannot be extended as a matter of grace or mere indulgence." *Bass v. Commonwealth*, . . . 401 A.2d 1133, 1135 ([Pa.] 1979). Moreover, "[t]he burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou* [*v. Unemployment Comp. Bd. of Rev.*], 942 A.2d [194,] 198 [(Pa. Cmwlth. 2008)].

*Best Courier v. Dep't of Lab. & Indus.*, 220 A.3d 696, 700 (Pa. Cmwlth. 2019) (citations and footnote omitted). Thus, "where a jurisdictional issue is present, a court may raise the matter *sua sponte*, and it is clear that jurisdiction may not be conferred by the [respondent's] failure to raise the issue below." *Lin v. Bd. of Revision of Taxes of the City of Phila., Off. of Unemployment Comp. Tax Servs.*, 137 A.3d 637, 642 (Pa. Cmwlth. 2016).

Although Section 423(a) of the Act authorizes the Board to extend the time for taking an appeal "upon cause shown," 77 P.S. § 853, this Court has articulated:

> Limited circumstances exist in which an untimely appeal may be considered. [*Hessou*, 942 A.2d at 198]. *Nunc pro tunc* relief is a form of equitable relief that is available only "in certain extraordinary circumstances." *Criss*, 781 A.2d at 1159. Allowable exceptions include cases involving

7

fraud, a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass*, 401 A.2d at 1135-36. . . . *Nunc pro tunc* relief for non-negligent conduct is generally reserved for only those "unique and compelling cases in which the appellant has clearly established that [the petitioner] attempted to file an appeal, but unforeseeable and unavoidable events precluded [the petitioner] from actually doing so." *Criss*, 781 A.2d at 1160.

*Best Courier*, 220 A.3d 701. Claimant did not raise to the Board or this Court any non-negligent circumstances or fraud or its equivalent that may have allowed his appeals to proceed *nunc pro tunc*.[8] Accordingly, neither equity nor the fact that Employer did not challenge Claimant's Petition is dispositive here.

Because Claimant never appealed to the Board from WCJ Beach's August 2021 Order, and he filed the Petition asking the Board to make its March 25, 2021 decision final on May 23, 2022 (265 days after WCJ Beach issued the August 2021 Order), the Board properly denied Claimant's Petition as untimely filed.

Based on the foregoing, the Board's Field Office Order is affirmed.

_____
ANNE E. COVEY, Judge

---

[8] Despite that Claimant did not seek or even reference *nunc pro tunc* relief in the Petition, in the Field Office Order, the Board nevertheless stated: "[Claimant] requests that [the Petition] be treated as a [n]unc [p]ro [t]unc appeal from WCJ [] Beach's [August 2021 Order]. We deny the relief requested." R.R. at 65a.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Wheatley,                :
         Petitioner         :
                           :
           v.                :
                           :
Pyramid Hotel Group (Workers'   :
Compensation Appeal Board),    :   No. 1017 C.D. 2022
         Respondent    :

## O R D E R

AND NOW, this 11th day of January, 2024, the Workers' Compensation Appeal Board's September 1, 2022 Field Office Order is affirmed.

_____
ANNE E. COVEY, Judge